## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-CR-16- |
| | § | SDJ-CAN |
| TASKA PATRICE GRAHAM (3) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Taska Patrice Graham's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on November 4, 2021, to determine whether Defendant violated her supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Steve Buys.

Defendant was sentenced on October 9, 2013, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute at Least 500 Grams but Less Than 1.5 Kilograms of a Mixture or Substance Containing a Detectable Amount of Methamphetamine and/or at Least 50 Grams but Less Than 150 Grams of Methamphetamine (Actual), a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. Defendant was subsequently sentenced to 188 months imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug testing and treatment, and mental health treatment. On May 31, 2016, Defendant's sentence was reduced to 151 months imprisonment pursuant to 18 U.S.C.

§ 3582(c)(2). On July 11, 2017, her sentenced was reduced again to 100 months imprisonment, followed by a 5-year term of supervised release. On July 5, 2019, Defendant completed her period of imprisonment and began service of the supervision term.

On September 7, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1488, Sealed]. The Petition asserts that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; (3) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (5) The defendant shall participate in a program of testing and treatment for alcohol and drug abuse, under the guidance and direction of the United States Probation Office, until such time as the defendant is released from the program by the probation officer; and (6) Under the guidance and direction of the United States Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider [Dkt. 1488 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On September 1, 2021, Defendant was arrested by Grayson County Sheriff's Office for committing a new offense, Possession of a Controlled Substance. Bond was set at $10,000. She was released from custody on September 2, 2022. On April 20, 2021, Defendant was arrested for committing a new offense, Driving with Expired License. She was released from custody on April 21, 2021; (2) Defendant unlawfully possessed a controlled substance, as evidenced by her arrest on September 1, 2021, for

Possession of a Controlled Substance; (3) Defendant failed to report by the fifth of the month in the following months: August 2021; May 2021; November 2020; September 2020; April 2020; February 2020; January 2020; December 2019; November 2019; and October 2019; (4) Defendant failed to notify the probation officer of her September 1, 2021 arrest; (5) Defendant failed to submit a urine sample on January 21, 2020; December 12, 2019; October 28, 2019; and during August 2019; and (6) Defendant failed to attend mental health treatment on June 29, 2021 and January 27, 2020.  Additionally, she was unsuccessfully discharged from treatment [Dkt. 1488 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 3 through 6 of the Petition.  The Government dismissed allegations 1 and 2 of the Petition.  Having considered the Petition and the plea of true to allegations 3, 4, 5, and 6, the Court finds that Defendant did violate her conditions of supervised release.  Defendant waived her right to allocute before the District Judge and her right to object to the report and recommendation of this Court [Dkts. 1503; 1504].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of fourteen (14) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 19th day of August, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE